## STATE v. STEPHENSON.

1. JURIES AND JURY TRIALS—DISCRETION—APPEAL—FORMER JEOPARDY.—Whether a jury charged with a case should be discharged for failure to agree, and a mistrial ordered, is discretionary with trial Judge, and this Court will only reverse such action where there is an abuse of discretion, or where it is exercised in violation of established rules. No error here in overruling plea of former jeopardy. Former jeopardy defined.

2. APPEAL.—Is an order overruling plea of former jeopardy appealable?

Before GAGE, J., Kershaw, June, 1898.    Affirmed.

Indictment against J. H. Stephenson for rape.    True bill found, and cause tried at February, 1898, term of the Court of General Sessions for Kershaw County.    The jury did not agree upon a verdict, and his Honor, Judge Townsend, ordered a mistrial entered.    At the ensuing June term of the Court, the Solicitor announced that he would enter a *nolle prosequi* upon this bill, and give out another bill of indictment, charging the same offense, upon which a true bill was found.    Upon arraignment, the defendant interposed the plea of former jeopardy.    From order overruling plea, defendant appeals.

*Mr. W. D. Trantham,* for appellant, cites: *Plea affects substantial right, and is appealable:* Con. 1895, art. I., sec. 17. *When does jeopardy begin:* 20 Tex., Ct. App., 139; 17 Id.,

345; 99 Ind., 244; 43 Ark., 271; 51 Mich., 610; 42 Ohio St.,
383; 47 S. C., 169. *Discharge of jury without consent of
defendant not called for by imperious necessity, operates as
acquittal:* 2 N. & McC., 17; 1 Bail., 651; 27 S. C., 85; 47 S.
C., 172.

*Assistant Attorney General,* for Solicitor Thurmond,
contra (oral argument).

Feb. 20, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. Appellant was indicted for rape,
and the case was submitted to a jury, at the February
(1898) term of the Court of General Sessions for Kershaw
County. The jury, after deliberating thereon for some
fifteen or sixteen hours, failed to agree upon a verdict, and
the presiding Judge, Hon. D. A. Townsend, thereupon dis-
charged the jury, and ordered a mistrial. At the ensuing
June term, upon his arraignment for trial, appellant inter-
posed the plea of former jeopardy, which was overruled.
He now appeals from the order overruling his plea of former
jeopardy.

The presiding Judge, Hon. G. W. Gage, based his ruling
upon the following facts, stated in his order: "That late in
the day at the February term, at the first week of the term,
this case went to the jury. The jury had been in their room
some time, and unbidden returned to the box. When asked
by the clerk if they had agreed upon a verdict, they declared
they had not; when asked by the trial Judge if they wanted
further instruction, they made no answer, the trial Judge or-
dered them to return to their room. Again, before the ad-
journment of the Court, in the night, the trial Judge sent
for the jury and asked them if it was likely they would soon
agree upon a verdict, the foreman replied negatively; they
were returned to their room for the night. The next morn-
ing, at the convening of Court, or soon thereafter, the trial
Judge sent for the jury; they came in Court, and they were
asked if they had agreed upon a verdict; the reply was they

had not; thereupon they were discharged, and a mistrial entered." We quote from the order of the Circuit Judge as follows: "I understand this to be the rule of law, that after a jury has been charged with the consideration of a case, it cannot be withdrawn from the jury except from necessity. One of the necessities referred to by law is inability of the jury to agree—that is to say, when a case has been submitted to a jury, if the jury be unable to agree upon a verdict, the necessity of the case requires that the jury be discharged, and a mistrial ordered. There is nothing else to do; that is the necessity. The question here is when shall that necessity appear, and how shall it appear. Of course, it is a matter in the discretion of the presiding Judge, and when I say discretion, I mean a wise discretion—discretion governed by law—because any other sort of discretion is not a wise discretion, but a dangerous discretion, and one not tolerated by law. But the first question is, how must that necessity appear? It is clear to my mind, if at this time, after being out all night, the jury had come in and said, 'We cannot agree,' the necessity then would have arisen, and it would have appeared, by the best evidence, by the presence and declaration of the jury, that they could not agree. But is the presiding Judge confined to that degree of necessity? Suppose the jury were to stay out a week, and never said they could not agree, are the hands of the Circuit Judge tied until the jury themselves tell him they cannot agree, or can he exercise his discretion, when it is manifest to him from other sources that the jury cannot agree? Now, that is a delicate question. My own judgment as to the better way to ascertain necessity, is to ascertain it from the jury themselves; but, sitting as a trial Judge, I do not feel warranted in holding that the declaration of the jury is the only method by which that necessity shall appear. But if, upon a consideration of the case, and upon the length of time the jury have been in, and the fact that the jury had been out once themselves and made the declaration that they had not agreed upon a verdict, and upon a consideration of the fact that one other re-

turn of their own motion would have entitled them to a discharge, *nolens volens,* by the Court, I think the Circuit Judge had enough to warrant his conclusion that a verdict by the jury was an impossibility; and to justify his discharging them, after coming into Court, once unbidden, after being asked again if they could agree that night, and the answer being given that they could not, and after being brought into Court in the morning, after being out all night, I think there was sufficient in the case to warrant the Circuit Judge in exercising the legal discretion lodged in him."

Appellant contends, upon the facts stated, that Judge Townsend was not authorized to discharge the jury, and that Judge Gage erred in not sustaining the plea of former jeopardy. This principle of the common law is embodied in sec. 17, art. I., of our State Constitution: "Nor shall any person be subject, for the same offense, to be twice put in jeopardy of life or liberty." According to the decisions of this State, and the weight of authority elsewhere, it may be stated, as a general rule, that one is in jeopardy when a legal jury is sworn and empanelled to try him upon a valid indictment, in a competent Court, unless the jury before reaching a verdict be discharged with the prisoner's consent, or upon some ground of legal necessity, or the verdict, if rendered, be set aside according to law. In this State, the inability of the jury to agree upon a verdict is regarded as presenting a case of legal necessity, authorizing the discharge of the jury. *State* v. *McKee,* 1 Bailey, 651, followed in *State* v. *McLemore,* 2 Hill, 680, and recognized in *State* v. *Briggs,* 27 S. C., 85, and *State* v. *Richardson,* 47 S. C., 170. In the two cases first cited, it is further held that the determination of the question, whether or not the jury are unable to agree, must rest in the sound discretion of the trial Judge. These principles are also supported by the weight of authority in other jurisdictions. 11 Ency. Law, 954, 955, cases cited. See notes to *State* v. *Moor,* 12 Am. Dec., 547, and cases cited. In the case of *Thompson* v. *United States,* 15 Sup. Ct. Rep., 74, the Court, citing *U. S.*

v. *Perez,* 9 Wheat., 579, *Simmons* v. *U. S.,* 142 U. S., 148, 12 Sup. Ct., 171, and *Logan* v. *U. S.,* 144 U. S., 263, 12 Sup. Ct., 617, says: "Those cases clearly establish the law of this Court, that courts of justice are invested with the authority to discharge a jury from giving any verdict, whenever in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated, and to order a trial by another jury, and that the defendant is not thereby twice put in jeopardy, within the meaning of the fifth amendment to the Constitution of the United States." See, also, *Commonwealth* v. *Purchase,* 2 Pickering, 521, 13 Am. Dec., 452, a strong case, and very much like the one at bar. If, then, the inability of the jury to agree is a legal cause for the discharge of the jury, and the ascertainment of the existence of the cause must rest in the sound legal discretion of the trial Court, it follows that the jury need not be kept together until the Court is compelled by law to discharge the jury, for that would deny that he had any discretion. When the time arrives for the adjournment of Court, at the expiration of the term, the jury is discharged by operation of law, and not by the discretion of the Court. *State* v. *McLemore, supra.* The Revised Statutes, sec. 2409, provides: "When a jury, after due and thorough deliberation upon any cause, return into Court without having agreed upon a verdict, the Court may state anew the evidence, or any part of it, and explain to them anew the law applicable to the case, and may send them out for further deliberation; but, if they return a second time without having agreed upon a verdict, they shall not be sent out again without their own consent, unless they ask from the Court some further explanation of the law." In this case the jury returned into Court the third time, after deliberating upon the case for about sixteen hours, and announced that they had not agreed and did not ask for further instructions. Whether or not the section quoted has strict application to the facts of this case, it implies that verdicts may not be coerced in this

State by confinement of the jury after they have maturely
deliberated upon the case and failed to agree, and that the
Judge is not required to remand the jury, if, after due delib-
eration, they come into Court without agreeing upon a ver-
dict, and without asking for further instructions.    Whether
a jury charged with the trial of a case may be discharged
before rendering a verdict, must necessarily rest in the dis-
cretion of the Court, exercised according to established prin-
ciples.    If the Court discharge a jury for a cause not recog-
nized as a legal one, the discretion exercised is not a sound
legal discretion, and may be viewed in this Court in a proper
case.    So, also, if the Court discharge a jury arbitrarily, or
capriciously, or without evidence or facts going to show a
legal cause, this Court would hold the discharge unlawful.
But if the discharge is made for a cause recognized as legal,
as the inability of the jury to agree, and there is evidence
tending to show the existence of the cause, which satisfies
the trial Judge of its existence, this Court can not review
the facts before the trial Judge, and hold his action illegal,
because this Court may reach a different conclusion.    It is
only for abuse of discretion, or the exercise of discretion in
violation of established rules, that this Court would declare
the discharge of a jury before verdict unlawful.    We cannot
say that there was nothing before the trial Judge to justify
him in concluding that there was no reasonable expectation
that a verdict could be reached, under all the circumstances
of the case.    Nor do we find anything in the case indicating
any abuse of discretion.    It follows that Judge Gage did not
err in overruling the plea of former jeopardy.

The attorney general argued with force that the appeal in
this case is premature, inasmuch as there is no judgment of
conviction and sentence against the defendant—citing *State
v. McKettrick,* 13 S. C., 384; *State v. Shirer,* 20 S.
C., 402; *State v. Burbage,* 51 S. C., 284.    We have
deemed it best to pass upon appellant's exception
without expressly ruling upon the question whether the
appeal is premature.

The order overruling the plea of former jeopardy is affirmed.