0011

STATE OF South Carolina, ex relatione, Daniel R. McLEOD, Attorney General, Respondent, v. A.B. WILSON, individually and as an owner and officer of Holiday Towers, Inc., as an owner and officer of Memorial Investment Corp., Inc., and the owner of Resorts Unlimited, Inc.; Holiday Towers, Inc.; Memorial Investment Corp., Inc.; Resorts Unlimited, Inc.; and Great American Management and Investment, Inc., Defendants, of whom A.B. Wilson, Holiday Towers, Inc., Memorial Investment Corp., Inc., and Resorts Unlimited, Inc., are, Appellants.

(310 S. E. (2d) 818)

Court of Appeals

*H. F. Bell,* Chesterfield, *for appellants.*

*Asst. Atty. Gen. Philip L. Fairbanks,* Beaufort, and *Asst. Atty. Gen. William K. Moore,* Columbia, *for respondent.*

December 5, 1983.

GARDNER, Judge:

This case involves the imposition of default judgment as a sanction by reason of a party's failure to attend a duly noticed deposition. The State initiated this action against the Appellants for violation of the Unfair Trade Practices Act.

Appellant Wilson is the owner and an officer of Appellant corporations, Holiday Towers, Inc., Memorial Investment Corporation, Inc., and Resorts Unlimited, Inc.

Circuit Rule 87(H)(7)(b) provides for the imposition of sanctions, among which is the entry of judgment by default, upon the *willful* failure of a party to appear for a noticed deposition. Wilson failed to appear for deposition. The State moved for default judgment. The motion was accompanied by an affidavit containing only a conclusion statement of State's attorney that the failure to appear was willful. The trial judge entered judgment by default against Wilson and Appellant corporations. This appeal ensued raising the question of abuse of discretion by imposing default judgment. We reverse.

In support of the proposition that the filing of an affidavit of willfulness on the part of the movant for sanctions is sufficient evidence to support the imposition of sanctions, the State relies on the case of *House v. Hewett Studios, Inc.,* 125 Ga. App. 127, 186, S. E. (2d) 584; this case is easily distinguished. The Georgia statutes pertaining to pre-trial discovery and sanctions which might be applied for non-cooperation or non-compliance do not require the element of willfulness as a prerequisite for imposition of sanctions. In Georgia, the trial judge may, in his discretion, apply such sanctions as are just; thus, he is permitted a much broader

range of discretion than the South Carolina rule permits. Our rule requires proof of willfulness as essential for imposition of sanctions.

We note that the State concedes that the burden of proof as to willfulness at the trial level rests with the movant for sanctions. On appeal, however, the burden of showing abuse of discretion is on the party challenging the trial court's ruling. *Watson v. U. S. Rubber Co.*, 260 S. C. 129, 194 S. E. (2d) 395 (1973).

This court cannot consider any fact which does not appear in the transcript of record. Supreme Court Rule 8, § 7.

The record before us contains only the bare conclusional statement by affidavit of the State's Attorney that the failure to appear was willful.

Based on the record before us we are constrained to hold that the entry of judgment by default in this case was an abuse of discretion by the trial judge.

Reversed.

SANDERS, C. J., and BELL, J., concur.