0369

The STATE, Respondent, v. Rosalyn AYERS, Appellant.

(325 S. E. (2d) 579)

Court of Appeals

*John A. Gaines,* Florence, *for appellant.*

*T. Travis Medlock, Atty. Gen., Harold M. Coombs, Jr., Asst. Atty. Gen.,* Columbia, and *J. Dupre Miller, Sol.,* Bennettsville, *for respondent.*

Heard Nov. 21, 1984.

Decided Jan. 17, 1985.

SHAW, Judge:

A jury convicted appellant Rosalyn Ayers of neglecting her child in violation of S. C. Code Ann. Section 20-7-50 (1976). Before trial, counsel for Ayers moved to change venue based on pretrial publicity. After trial, counsel moved for a mistrial, claiming the verdict was coerced. The trial judge denied both motions. We affirm.

Motions for change of venue and mistrial are addressed to the sound discretion of the trial judge; on appeal his decision will not be disturbed absent a showing of abuse of discretion. *State v. Thompson*, 278 S. C. 1, 292 S. E. (2d) 581 (1982), *cert. denied*, 456 U. S. 938, 102 S. Ct. 1996, 72 L. Ed. (2d) 458 (1982); *State v. Lake*, 257 S. C. 407, 186 S. E. (2d) 256 (1972).

## I.

The record shows during *voir dire* the trial judge acknowledged pretrial publicity in *The Cheraw Chronicle* and asked, "[I]s there any member of the jury panel who has read an account in a newspaper about this case, heard an account described on radio, or seen an account depicted on television? If so, please stand and let me ask you some questions." Nine veniremen stood. The judge then asked, "Did you read some account in a newspaper?" All nine responded yes. "In reference to that article that you read, did you form an opinion in the case?" All answered no. "With reference to that article, do you believe that you can now give both sides, the state and the defendant, a fair and impartial trial?" One responded no and was excused for cause. Of these nine veniremen four were eventually selected as jurors. When the jury was seated, counsel for Ayers moved for a change of venue based on pretrial publicity.

The trial judge conducted a thorough *voir dire* examination of the jurors to determine whether prejudice existed. Mere exposure to pretrial publicity does not automatically disqualify a prospective juror: "It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Irvin v. Dowd*, 366 U. S. 717, 81 S. Ct. 1639, 6 L. Ed. (2d) 751 (1961); *State v. Plath*, 277 S. C. 126, 284 S. E. (2d) 221 (1981). Counsel for Ayers has not met the burden of demonstrating actual juror prejudice.

## II.

The record shows the jury began deliberating at 6:28 p.m. At 8:45 p.m. the jury returned to have the statute on unlawful neglect of a child read. At 10:00 p.m. counsel for Ayers moved for a mistrial on the ground "fur-

ther deliberation would force [the jurors] to reach a verdict that they can't possibly reach." At 10:10 p.m. the trial judge called the jury and the forelady reported: "We cannot come to a uniform decision. And there are members of the jury who feel that no matter how long we stay in that room, or if we stayed in here for two long weeks or forever, we would never be able to change some of the convictions." The judge responded, "I am prohibited from declaring a mistrial until a substantial time has elapsed in terms of the jury being able to consider the evidence and the testimony." He went on to say he could either make hotel accommodations or let the jury continue deliberating, and added some comments on the expense of operating the judicial system and the importance of bringing matters to a conclusion. At 10:25 p.m. the jury returned asking to be charged again. At 11:48 p.m. the jury again returned and the forelady reported progress was being made. When the trial judge asked whether the jury wished to break for the night or continue deliberating, the forelady answered, "We would like to stay here." Counsel for Ayers again moved for a mistrial stating a verdict was being coerced. At 12:10 a.m. the jury reported its verdict and counsel for Ayers renewed the motion for mistrial.

The three cases relied upon by counsel for Ayers are distinguishable. In *State v. Stephenson*, 54 S. C. 234, 32 S. E. 305 (1899), the jury deliberated for sixteen hours. In *State v. Simon*, 126 S. C. 437, 120 S. E. 230 (1923), the trial judge threatened to keep the jury in the jury room all night. In *State v. Ashley*, 121 S. C. 15, 113 S. E. 305 (1922), the trial judge stated, "It is a disgrace . . . it is nothing short of judicial abortion to have mistrials." The trial judge has a duty to urge the jury to agree on a verdict, so long as he is not coercive. *State v. Darr*, 262 S. C. 585, 206 S. E. (2d) 870 (1974); *State v. Bennett*, 259 S. C. 50, 190 S. E. (2d) 497 (1972). It is not coercive to charge that failure to reach a verdict will require a new trial at additional expense. *State v. Jones*, 86 S. C. 17, 67 S. E. 160 (1910). In the instant case the trial judge's instructions taken as a whole are not coercive.

We hold the trial judge did not abuse his discretion in denying the motions for change of venue and mistrial.

Affirmed.

SANDERS, C. J., and CURETON, J., concur.