24413

The STATE, Respondent v. Shawn Everett PAULING, Appellant.
(470 S.E. (2d) 106)

Supreme Court

*Daniel T. Stacey, Chief Attorney,* of *South Carolina Office of Appellate Defense,* Columbia, *for Appellant.*

*Attorney General Charles Molony Condon, Chief Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Harold M. Coombs, Jr., Assistant Attorney General Norman Mark Rapoport,* Columbia; and *Solicitor Donald V. Myers,* Lexington, *for Respondent.*

Heard Dec. 6, 1995.

Filed Apr. 22, 1996.

BURNETT, Justice:

Appellant was convicted and sentenced for one count of murder (life imprisonment); for two counts of assault and battery with intent to kill (twenty years consecutive imprisonment); for two counts of armed robbery (twenty-five years consecutive imprisonment); for possession of a firearm during the commission of a violent crime (five years consecutive imprisonment); and for conspiracy (five years consecutive improsonment). Appellant was acquitted of a second murder charge.

## FACTS

A scheme to rob drug dealers resulted in two related shootings at two different locations. At each location one man was killed and another wounded. Eyewitness testimony established Appellant as the gunman who fired shots wounding two of the Victims. No one could verify who fatally shot the other two Victims. At trial, Appellant only contested the two murder charges.

The question presented arose during jury deliberation which commenced at 11:35 am on March 30, 1994. After approximately an hour and a half of deliberation, the jury requested further instructions after which deliberations continued from 1:08 pm until 2:20 pm. The jury again returned, and the Foreperson announced it had reached a verdict on six of the eight charges, but was at an impasse on the remaining two charges and thought they needed "to sit on it." The Foreperson did not think they would "immediately" be able to reach a verdict on the remaining two charges. After a bench conference the trial judge gave the jury the following *Allen*[1] charge:

> What I will ask you to do is continue deliberating. You can't expect that 12 more intelligent jurors will get drawn to decide this issue. If you don't decide it, some jury will have to decide it. That breaks down the judicial system for the time being when you can't reach a verdict on certain counts.
>
> So, I will ask you to continue your deliberation with an eye set on the truth. Don't give up any well-founded conscientious convictions but discuss it with each other and I will let y'all continue deliberating. . . .

Appellant raised no objections to the charge, and the jury retired to continue deliberating at 2:23 pm. At 3:20 pm the jury again returned. The Foreperson stated the jury was "still in the same position" and expressed doubt positions would change. However, upon inquiry by the trial judge, other jurors stated a verdict could be reached. One juror asked to be able to submit questions to the trial judge before renewing deliberations on the next day.

The following morning, the jury submitted a written question asking the judge whether the guilty verdicts would stand on the other six charges should a unanimous decision not be reached on the two counts of murder or would the whole case be retried. Before the jury returned to the courtroom, the Solicitor requested that the trial judge recharge the jury on the two counts of murder and aider and abettor liability, that he give a second *Allen* charge, and that he allow the jury to continue deliberating. Counsel for Appellant objected and the fol-

---

[1] *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

lowing colloquy transpired between the trial judge and defense counsel:

> MR. WALKER: The question the jury posed was not any confusion about the law or anything. The question was if they cannot reach a unanimous verdict on two counts of murder—
>
> THE COURT: It's a mistrial.
>
> MR. WALKER: —will he have to be retried on the other charges as well? That's all they asked. They didn't ask to be recharged on the law.
>
> THE COURT: Would he have to be retried on the other charges too?
>
> MR. WALKER: Right. . . .
>
> THE COURT: "If we cannot reach a unanimous decision on the two counts of murder, will the other charges be retried as well?["] You wouldn't have to retry the other charges, would you?
>
> MR. WALKER: I don't know about that. . . .

When the jury returned to the courtroom, the judge gave the following instruction:

> Madame foreman, you gave me a question. If you do not reach a verdict on the two counts, it would be a mistrial. The whole case would have to be tried over.
>
> It's not expected that we can get a more intelligent jury than you 12, and some jury will have to try this. The State and the defense will have to go through the expense, the County and the State. It's not expected that we can get a more intelligent jury.
>
> So, I will ask you to continue deliberating. If I can enlighten you on the law, you can ask me what you want me to explain to you. If not, I will ask you to continue your deliberations.

Appellant did not object to the substance of this instruction. The jury deliberated from 9:52 am until 11:05 am and reported a verdict of guilty on all counts except the second count of murder.

## ISSUE

Was it error for the trial judge to give a second *Allen*

charge and to advise the jury that unless a verdict was reached on all counts the whole case would be retried?

## DISCUSSION

Appellant first contends that the effect of the judge's second *Allen* charge was to coerce a verdict on the two murder charges. We disagree. The trial judge has a duty to urge the jury to reach a verdict, but he may not coerce it. *State v. Lynn*, 277 S.C. 222, 284 S.E. (2d) 786 (1981); *State v. Pulley*, 216 S.C. 552, 59 S.E. (2d) 155 (1950). It is not coercion to charge that the failure to reach a verdict will require a new trial at additional expense. *State v. Ayers*, 284 S.C. 266, 325 S.E. (2d) 579 (Ct. App. 1985).

After reviewing the contents of the two *Allen* charges given by the trial judge, we are satisfied they did not coerce the verdict. We further conclude that the mere giving of the second *Allen* charge was not *per se* coercive.

Next, Appellant contends that sending the jury back after the second deadlock violated S.C. Code Ann., § 14-7-1330 (1976), because the jury did not consent to further deliberation. Section 14-7-1330 provides:

> When a jury, after due and thorough deliberation upon any cause, returns into court without having agreed upon a verdict, the court may state anew the evidence or any part of it and explain to it anew the law applicable to the case and may send it out for further deliberation. But if it returns a second time without having agreed upon a verdict, it shall not be sent out again without its own consent unless it shall ask from the court some further explanation of the law.

If the judge is satisfied that the jury consents to return for further deliberation, he should not dismiss it, but should permit further deliberation. *Edwards v. Edwards*, 239 S.C. 85, 121 S.E. (2d) 432, 436, (1961).

Following the jury's impasse after the first *Allen* charge, the foreperson expressed doubt that opinions would change. Nevertheless, because other jurors indicated that a verdict on the two remaining counts was possible, we find no abuse of the judge's discretion in determining that there was consent to further deliberate. Moreover, the jury

submitted a written question asking the judge to explain what the effect would be should it not reach a verdict on all counts. According to § 14-7-1330, the judge may send out a jury for continued deliberation when it asks for an explanation of the law. Therefore, whether the jury consented to further deliberation or not, because it asked for further explanation of the law, the judge did not err in sending the jury out a second time after he answered the question.

Lastly, Appellant contends that the trial judge incorrectly instructed the jury that a failure to reach a verdict on the two murder counts would necessitate a new trial on the entire case. *State v. Kornahrens,* 290 S.C. 281, 350 S.E. (2d) 180 (1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1592, 94 L.Ed. (2d) 781 (1987) (each verdict on separate counts in an indictment is separate, and not affected by the verdict on a different count). On two occasions the judge asked counsel for Appellant whether the entire case would need to be retried if the jury could not unanimously agree on all of the charges. The first time counsel replied, "Right," and the second time counsel stated that he did not know. Failure to reach a verdict on any count in the indictment would necessitate a new trial of the entire case to arrive at a verdict *on the particular count. State v. Kornahrens, supra.* Furthermore, when the judge gave the instruction in question, it could be argued that it was confusing. However, Appellant did not object to its substance, ask for clarification, or propose an alternate instruction. Having denied the trial judge an opportunity to cure any alleged error by failing to contemporaneously object to the charge, Appellant is procedurally barred from raising these issues for the first time on appeal. *State v. Hudgins,* — S.C. —, 460 S.E. (2d) 388 (1995) (Davis Adv. Sh. No. 17 at 43); *State v. Williams,* 266 S.C. 325, 223 S E. (2d) 38 (1976). Under these circumstances, we conclude that Appellant has waived his right to allege error on appeal.

For the foregoing reasons, the circuit court's order is

Affirmed.

TOAL, Acting C.J., MOORE and WALLER, JJ., and GEORGE T. GREGORY, JR., Acting Associate Justice, concur.