543 S.E.2d 260

The STATE, Respondent,

v.

Nathaniel WILLIAMS, Appellant.

No. 3294.

Court of Appeals of South Carolina.

Heard Dec. 11, 2000.

Decided Feb. 5, 2001.

Rehearing Denied March 12, 2001.

Deputy Chief Attorney Joseph L. Savitz, III, and Assistant Appellate Defender Ellen Cleary, both of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh and Assistant Deputy Attorney General Robert E. Bogan, all of Columbia; and Solicitor Randolph Murdaugh, III, of Hampton, for respondent.

STILWELL, Judge:

Nathaniel Williams appeals his convictions for possession of a stolen vehicle and failure to stop for a blue light on the ground that the trial court's *Allen*[1] charge was unduly coercive. We affirm.

## FACTS

Williams was tried on Tuesday, April 20, 1999. The jury began deliberations at 3:45 p.m. At 5:10 p.m. the jury requested the arresting officer's testimony be replayed, then resumed its deliberations at 5:30 p.m. At 6:00 p.m. the judge sent the jury home for the evening. The jury resumed deliberations at 9:30 a.m. the following day. At 11:00 a.m. they sent the judge a note stating they could not reach a verdict. The note in its entirety read, "The jury has come to a deadlock at 11 to 1 and its (sic) not going to change," and was signed by the jury foreman.

Williams moved for a mistrial and contended an *Allen* charge would be inappropriate because the jury was "hopelessly deadlocked." The judge denied the motion, brought the jury in, and gave them the following instruction:

When you tell me—you use the word deadlocked. It's always unfortunate when juries can't reach a verdict. I practiced law now for—I practiced law 30 years and now I've been a judge for 19 years and in all of that time all the trials I've been involved in and you can count the number of mistrials on these two hands because jurors almost always reach a verdict.

You haven't been deliberating that long and it's always so unfortunate because if I declare a mistrial, then in this same courtroom, in all probability; with the same witnesses; in all probability, the same lawyers, 12 other people in this county will have to decide this issue and I don't know of 12 better people to decide this issue than you 12.

Now, the law doesn't require that a juror violate his or her conscience just to agree with the other jurors but the

---

**1.** *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896) (defining charge used to encourage a deadlocked jury to reach a verdict).

law does ask that each juror listen to the other jurors with an open mind, willing to be convinced, keeping in mind that you don't have to violate your conscience just to agree on a verdict.

As I say, you haven't been deliberating very long. I'll make provisions. If anybody smokes, you can smoke. When lunchtime comes, if you're still deliberating, I can get you lunch. This afternoon if any of you get tired, you all decide you want to get a motel room, we can make arrangements to send home for your clothes and things. I can make arrangements for any kind of telephone calls, those kind of things. I don't have a thing in the world to do. We're gone (sic) be working anyway. Be working today, be working tomorrow.

Now, I'm gone (sic) ask—I'm gone (sic) send you back and ask you to begin deliberating. If you make any—if you need anything to make you comfortable be sure to tell the bailiffs. They're fine people and they're delighted to make you comfortable. I'm gone (sic) send you back to room and tell you to begin your-continue deliberations.

Any testimony you want to hear again or any law that you want to tell me, just tell me about it. Continue your deliberations and let me know ahead of time whether or not you want lunch, and remember what I said about if you get tired. I realize jurors very often cooped up in a room get tired. If you need—feel like you need to rest some, let me know, we'll make some arrangements for you.

Williams objected to the charge, arguing it was a sweat box instruction, and requested an additional charge which the judge denied. At 11:20 a.m. the jury once again asked to hear the testimony of the arresting officer. The jury then deliberated from 11:35 a.m. until they reached a verdict at 1:15 p.m.

## LAW/ANALYSIS

█ Williams argues on appeal the trial judge's charge coerced the verdict due to the time the jury deliberated and because the charge implied the jurors would have to deliberate indefinitely. We disagree.

█ "The trial judge has a duty to urge the jury to reach a verdict, but he may not coerce it." *State v. Pauling,* 322

S.C. 95, 99, 470 S.E.2d 106, 108–09 (1996); *see State v. Darr,* 262 S.C. 585, 587, 206 S.E.2d 870, 870 (1974) ("It is the duty of the trial judge to urge the jury to agree upon a verdict provided he does not coerce them."). Review of an *Allen* charge requires this court to consider the charge in light of the accompanying circumstances. *See generally State v. Hale,* 284 S.C. 348, 326 S.E.2d 418 (Ct.App.1985).

Factors to be considered in determining whether a charge is coercive include the length of the deliberations prior to the charge,[2] the length of the deliberations following the *Allen* charge,[3] and the total length of deliberations.[4] The trial judge may not indicate to or threaten the jury that they must agree or, failing to agree, they will remain in the jury room for a specified length of time. *See State v. Simon,* 126 S.C. 437, 445–46, 120 S.E. 230, 233 (1923) (stating trial judge erred by telling the jurors they must remain overnight in a small jury room for fifteen and a half hours unless they could agree on a verdict).

In addition, a trial judge may not direct the *Allen* charge towards the minority voter(s) on the panel. *See State v. Elmore,* 279 S.C. 417, 424, 308 S.E.2d 781, 785–86 (1983), *overruled on other grounds by State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991). However, it is not necessarily coercive to give an *Allen* charge even though the jury reports it is deadlocked eleven to one. *See State v. Jones,* 320 S.C. 555,

---

**2.** *See State v. Tillman,* 304 S.C. 512, 521, 405 S.E.2d 607, 612–13 (Ct.App.1991) (stating the *Allen* charge given after four hours of deliberations was not coercive).

**3.** *Hale,* 284 S.C. at 355, 326 S.E.2d at 422 (finding the *Allen* charge taken as a whole, given after four and a half hours of deliberations, was not coercive, even though the jury returned a guilty verdict three minutes after the charge was given).

**4.** *State v. Lynn,* 277 S.C. 222, 228–29, 284 S.E.2d 786, 790 (1981) (finding trial judge did not force a verdict when the jury deliberated for nine hours prior to the *Allen* charge, and asked for further instructions two hours after the charge was given before reaching a verdict). *See also State v. Stephenson,* 54 S.C. 234, 238–39, 32 S.E. 305, 307 (1899) (concluding trial court did not err in declaring a mistrial after jury deliberated for sixteen hours, did not ask for further instructions, and stated they could not reach a verdict).

558–59, 466 S.E.2d 733, 734–35 (Ct.App.1996) (concluding the trial court gave a proper *Allen* charge even though the jury sent a note stating it was "hung 11 to 1" because the charge, taken as a whole, was not coercive).

The jury deliberated for approximately two hours on Tuesday before the trial judge sent them home for the evening. They resumed deliberations for one hour and a half the following morning before notifying the trial judge they were deadlocked. After the *Allen* charge, the jury deliberated less than twenty minutes, reheard testimony, and deliberated for approximately two more hours before reaching a verdict. The total deliberations took less than six hours. We find no coercion in the timing of the *Allen* charge or in the total length of deliberations. *See Tillman,* 304 S.C. at 521, 405 S.E.2d at 612–13 (concluding the *Allen* charge was not coercive when given after four hours of deliberation and the verdict was rendered one and a half hours after the charge).

Williams invites our attention to the recent Fourth Circuit Court of Appeals case of *Tucker v. Catoe,* 221 F.3d 600 (4th Cir.2000). In *Tucker,* the Fourth Circuit found an *Allen* charge unduly coercive, noting that "South Carolina has yet to specify circumstances under which an *Allen* charge is coercive, but there are numerous decisions from the federal courts that guide our consideration [of] Tucker's argument." 221 F.3d at 609. Any reliance on *Tucker* is misplaced for several reasons, not the least of which is that the *Allen* charge in question was given during the sentencing phase of a capital murder case and that fact, coupled with other factual distinctions, clearly compelled the decision in *Tucker.*

 We also find the trial judge did not coerce a verdict by implying the jury would have to deliberate indefinitely. The judge informed the jurors he would make arrangements for their comfort should the jurors get tired or become hungry. In *State v. Ayers,* this court reviewed the propriety of an *Allen* charge similar to that given by the trial judge in this case. 284 S.C. 266, 325 S.E.2d 579 (Ct.App.1985). In *Ayers,* the jury deliberated for a little over two hours, requested a recharge of a statute, and deliberated further for more than an hour. *Id.* at 268–69, 325 S.E.2d at 580–81. The jury then reported they could not reach a verdict. *Id.* at 269, 325 S.E.2d at 581. The forelady told the judge, "no matter how long we

stay in that room, or if we stayed in here two long weeks or forever, we would never be able to change some of the convictions." *Id.*

In *Ayers,* the judge responded, "I am prohibited from declaring a mistrial until a substantial time has elapsed in terms of the jury being able to consider the evidence and the testimony." *Id.* The judge went on to say he could either make hotel accommodations for the jury or let them continue deliberating, and he commented on the expense of operating the judicial system and the importance of bringing matters to a conclusion. *Id.* Defense counsel moved for a mistrial, arguing the verdict was being coerced. *Id.* This court reviewed the *Allen* charge as a whole and concluded the trial judge's instructions were not coercive. *Id.*

Considering the *Allen* charge as a whole, it is clear that the judge was solicitous of the welfare of the jurors and his remarks concerning getting a motel room for them or providing a rest period for them were not calculated to be of a threatening nature, but were genuine expressions of concern for their comfort and welfare. We therefore conclude that the charge was not coercive.

**AFFIRMED.**

HEARN, C.J., and ANDERSON, J., concur.