THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Henry James Dickey,       
Appellant,
 
 
 

v.

 
 
 
W. Carole Holloway,       
Respondent.
 
 
 

Appeal From Darlington County
Sidney T. Floyd, Circuit Court Judge

Unpublished Opinion No. 2003-UP-381
Submitted March 26, 2003  Filed June 
 3, 2003

AFFIRMED

 
 
 
James H. Dickey, of Atlanta, for Appellant.
W. Carole Holloway, of Florence, for Respondent.
 
 
 

PER CURIAM: Henry Dickey 
 (Dickey) appeals the circuit courts dismissal of his Motion to Reconsider under 
 Rule 59, SCRCP.  Dickey contends the circuit court abused its discretion by 
 refusing to grant a continuance due to the sudden illness of his counsel.  Dickey 
 also argues the circuit court violated the provisions of  Rule 40(b).  Finally, 
 Dickey complains the court failed to establish a record of its motion to dismiss 
 or a record of its justification for denying a continuance.
FACTS/PROCEDURAL HISTORY
On June 10, 1999, Dickey filed a legal malpractice action 
 against W. Carole Holloway, an attorney in Darlington County, alleging negligence 
 in the handling of an action regarding recovery of attorneys fees. In his complaint, 
 Dickey asked for damages in excess of two million dollars ($2M). 
 [1]   Holloway filed an answer on July 9, 1999.
By memorandum dated February 9, 2001, the clerk of court for Darlington 
 County notified Dickeys counsel of a mandatory roster meeting scheduled for 
 Monday, March 5, 2001 at 9:30 a.m. The Notice of Jury Roster memo was accompanied 
 by a Roster Report dated Monday, 2/12/2001.  Pages 23 and 24 of the Roster 
 Report included Dickeys case, the names of counsel and an abbreviated chronology 
 of papers served up until the date of printing. 
The Notice of Jury Roster was posted by certified mail to Dickeys counsel 
 in Atlanta, Georgia.  The certified mail receipt does not indicate the date 
 of mailing by the circuit court; however, the delivery signature indicates that 
 Valerie Waddell (presumably an employee) claimed the notice on February 22, 
 2001.  
By letter dated March 2, 2001, Dickeys counsel notified the circuit court 
 of conflicts in cases in which he was lead counsel including Dickey v. Holloway.  
 Dickeys counsel advised the court that he intended to resolve the conflicts 
 according to numerical order listed in Exhibit A. 
 [2] Further, counsel informed the court that he intended to go forward 
 with the priority of cases as identified in Exhibit A unless [he was] properly 
 notified of a different priority of appearance which has been conferred and 
 agreed upon by the Honorable Judges or the Clerk. 
On March 6, 2001, the circuit court left a message with Dickeys counsel directing 
 him to appear in court on the following morning of March 7 to proceed to trial.  
 Counsel did not appear at the circuit court the following morning.  Accordingly, 
 the circuit court, by order dated and filed March 7, 2001, dismissed Dickeys 
 case for failure to prosecute. Counsel claims he fell seriously ill on the night 
 before he was scheduled to appear and was unable to return to work until March 
 27, 2001, whereupon he received written notice of the dismissal. 
On April 6, 2001, pursuant to Rule 59, SCRCP, counsel filed a motion to amend 
 the judgment of dismissal for failure to prosecute. 
The motion to amend included exhibits.  Among them was a letter from counsel 
 dated March 9, 2001 to the circuit court requesting a continuance of his pending 
 cases for the period of March 7, 2001 through March 15, 2001 because of an acute 
 illness.  This letter referenced an enclosed doctors excuse from a physicians 
 office in Columbia, S.C. [3]   
Counsel also filed an affidavit 
 on April 6, 2001 in which he claims to have notified the Clerk of Courts office 
 on March 7, 2001 of his sudden illness and requested continuance on all cases. 
 Counsel further states in his affidavit that [o]n March 9, 2001, and after 
 seeing the doctor, I followed up my request for continuance via letter and physician 
 slip, explaining my illness to the court. Finally, counsel states [t]he Presiding 
 Judge and Clerk of Court were first made aware and given notice of my acute 
 illness on March 7, 2001.  
The next intelligible document included in the record is the order from Judge 
 Floyd dated June 27, 2001 denying counsels Rule 59 motion to amend. In rendering 
 the denial, the circuit court noted the following:  Motion Dismissed after 
 giving due notice.  Although Plaintiffs Attorney did not appear; I find my 
 previous order is appropriate.
STANDARD OF REVIEW
A motion for continuance lies within the trial courts sound discretion, and 
 its ruling will not be reversed without  a clear showing of abuse.  McKissick 
 v. J. F. Cleckley & Co., 325 S.C. 327, 479 S.E.2d 67 (Ct. App. 1996).  
 Mere allegations of error are not sufficient to demonstrate an abuse of discretion.  
 On appeal, the burden of showing abuse of discretion is on the party challenging 
 the trial courts ruling.  State ex rel. McLeod v. Wilson, 279 S.C. 562, 
 310 S.E.2d 818 (Ct. App. 1983).
DISCUSSION
Counsel contends the trial court abused its discretion in refusing to grant 
 a continuance because counsel provided timely notice of his sudden illness.  
 We disagree.
Counsel claims in his April 6, 2001, Motion to Amend and affidavit that both 
 the presiding judge and the clerk of court were made aware and given notice 
 of [his] acute illness on March 7, 2001. Counsel does not say how he contacted 
 the court, to whom he spoke with, any reply on behalf of the court either accepting 
 his request or denying it, or why there is nothing in the record, save his own 
 statements, confirming this March 7 notice.   Counsel offers no evidence as 
 to how the presiding judge may have known of his illness.
Counsel next claims he followed up this initial notice with a letter 
 and doctors excuse sent and faxed to the court on March 9, 2001. Counsel 
 declined to provide any evidence in the record confirming the circuit court 
 received these documents on March 9.  To wit, there is no certified mail receipt, 
 facsimile confirmation sheet, or March 9 date stamped copy from the circuit 
 court.  In fact, both the letter and the doctors excuse are date stamped as 
 received by the circuit court on April 6, 2001. 
 [4]   
We note that counsel did not visit a physician or compose the written 
 request for a continuance until two days after he was scheduled to appear before 
 the court.  The record only confirms that the Motion to Amend, request for continuance, 
 doctors excuse and affidavit were filed by the circuit court on April 6, 2001, 
 nearly a full month after counsels failure to appear.  
Counsel has failed to provide a convincing record to substantiate 
 his claim he provided prompt and timely notice of his illness and request for 
 a continuance to the circuit court.  Accordingly, we find the circuit court 
 acted within its discretion to deny counsels request for a continuance.  No 
 error.
Counsel contends the circuit court violated Rule 40(b), SCRCP 
 by failing to give counsel at least 24 hours notice before the case was called 
 to trial and by calling the case for trial before it had been on the Jury Roster 
 for 30 days.  We disagree.
 Rule 40(b) is the second major section of Rule 40 and governs the 
 call of cases on the Jury Roster.  Under the terms of 40(b), a case must be 
 on the Jury Roster for 30 days before it may be called for trial.  More importantly, 
 the rule restricts the number of cases that are subject to trial on the first 
 day of a term of court.  The first twenty cases on the Jury Trial Roster that, 
 before the opening of the term of court, have not been dismissed, continued 
 or otherwise resolved may be called immediately.  All cases after the first 
 twenty require at least 24 hours notice before they may be called for trial. 
 Once called the court may in its discretion grant a continuance as provided 
 in Rule 40(i).  See Rule 40(b), SCRCP. 
 The record is lean on the notice issue and counsels statements are 
 vague.  The Roster Report is incomplete.  There is no certain way to determine 
 whether or not the case at issue fell within the first twenty cases on the original 
 report making 24-hour notice unnecessary.  Assuming this case was number twenty-one 
 (21), appellants argument still fails.  
The Jury Trial Roster contains numerous unidentified handwritten notations.  
 Relevant to our inquiry is a notation stating Michelle left message on 6th 
 just beneath the caption for Dickey v. Holloway.  Directly above this 
 notation, in a distinct hand, is a date and time of  11:00 AM 3-7.  In the 
 motion to amend counsel simply makes the conclusory statement that he was given 
 less than twenty-four hours notice that his case would be tried on March 7, 
 2001 without any supporting facts in his affidavit or exhibits.  Finally, in 
 the appellants brief, counsel states, On the afternoon of March 6, 2001, Plaintiffs 
 counsel received a call from Deputy Clerk directing him to appear to court on 
 the next morning at 9:00 a.m. to proceed to trial. 
Counsel makes no effort to link the written notations on the Roster Report 
 and the Deputy Clerks telephone call to a conclusion that the requisite notice 
 was not given.  Counsel admits he was given notice on March 6 and offers no 
 evidence supporting his contention that he was telephoned in the afternoon.  
 In any event, this court cannot reach into the ether and create conclusions 
 for the appellant.  This record and counsels conclusory account are insufficient 
 to show a violation of the Rule 40(b) notice requirement.
Counsel further contends the circuit court called the case for trial 
 less than thirty (30) days from the date the case appeared on the jury trial 
 roster in violation of Rule 40.  
Rule 40 clearly states only that the case must appear on the Jury Trial Roster 
 for at least thirty (30) days prior to trial. In the appellants brief, counsel 
 claims he received his first notice that the case was on the Roster when he 
 retrieved his mail on February 22, 2001.  Thus, the call for the case on March 
 7 fell well short of the thirty (30) day period required under the rule.  This 
 reasoning misses the mark.  We are concerned with the date upon which the case 
 of Dickey v. Holloway first appeared on the Jury Trial Roster.  Counsel 
 declines to address this question.  The record reveals only that the circuit 
 court sent out a memorandum to counsel dated February 9, 2001, advising him 
 of a mandatory roster meeting on March 15, 2001 along with a copy of the edited 
 Jury Trial Roster Report which has a print date in the upper left-hand corner 
 of 2/12/2001.  Counsel makes no conclusions as to the significance of either 
 of these dates with regard to his claim of inadequate notice.  Neither does 
 he reference these documents in his motion to amend or the brief.   
Counsel does not provide adequate supporting authority to sustain his claim 
 of a violation of Rule 40.  Thus, he is deemed to have abandoned the issue.  
 Matthews v. City of Greenwood, 305 S.C. 267, 407 S.E.2d 668 (Ct. App. 
 1991).  Mere allegations of error are not sufficient to demonstrate an abuse 
 of discretion.  State ex rel. McLeod v. Wilson, 279 S.C. 562, 310 S.E.2d 
 818 (Ct. App. 1983).  
Counsel claims the circuit court erred in failing to establish a record evidencing 
 a motion to dismiss and providing a justification for denying the request for 
 a continuance.  We disagree.
These issues are not preserved for our review because they were not raised 
 in the trial proceedings.  See State v. Pauling, 322 S.C. 95, 
 100, 470 S.E.2d 106, 109 (1996) (stating that "[h]aving denied the trial 
 judge an opportunity to cure any alleged error by failing to contemporaneously 
 object ..., Appellant is procedurally barred from raising these issues for the 
 first time on appeal"); State v. Peay, 321 S.C. 405, 413, 468 S.E.2d 
 669, 674 (Ct.App.1996) (finding a contemporaneous objection and ruling at trial 
 are required to preserve an error for review).
CONCLUSION
In light of the fact that 
 counsel has presented conclusory claims without solid support, we decline to 
 disturb the order of the circuit court denying his Rule 59 motion to reconsider 
 or amend the judgment.  The order of the circuit court must be,
AFFIRMED. 
 CURETON, ANDERSON and HUFF, JJ., concur.

 
 
 [1] One should note that James H. Dickey, an Atlanta attorney, represented 
 Henry J. Dickey, plaintiff in this case.  While both gentlemen carry the same 
 surname, there is nothing in the record to indicate either man is related 
 to the other.  This appeal concentrates on the activity, or lack thereof, 
 of counsel, J.H. Dickey.

 
 
 [2] Exhibit A consisted of a list of two cases. Dickey v. Holloway 
 was listed as the second of the two.  See the Record on Appeal page 19.

 
 
 [3] There is nothing on either the letter or the accompanying doctors 
 excuse to indicate when they may have come to the attention of the court other 
 than the typed date and the date-filed stamp for April 6, 2001.  Specifically, 
 there is nothing in the letter referencing any prior conversation(s) between 
 counsel and the judge or the clerks office regarding his illness.  There 
 is no facsimile confirmation sheet indicating that either the letter or excuse 
 was faxed to the court.  

 
 [4] This is the same date counsel filed his motion 
 to amend and affidavit giving his version of his communication with the court.