**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Gregory Allan Ivery, Appellant.

Appellate Case No. 2012-213216

Appeal From Greenville County
William H. Seals, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-265
Heard June 5, 2014 – Filed June 30, 2014

**AFFIRMED**

Appellate Defender Carmen V. Ganjehsani, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Gregory Allan Ivery appeals his convictions on charges of distribution of crack cocaine and distribution of crack cocaine within one-half mile

of a school or park, arguing (1) the trial court erred in admitting a video recording of the alleged drug transaction and (2) the trial court gave an unconstitutionally coercive *Allen* charge.[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to the admission of the video recording: Rule 901(a), SCRE ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."); Rule 901(b), SCRE (including "[t]estimony that a matter is what it is claimed to be" and "[i]dentification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker" as acceptable methods of authentication); *Wright v. Pub. Sav. Life Ins. Co.*, 262 S.C. 285, 290-91, 204 S.E.2d 57, 60 (1974) (applying the rule that the admission or exclusion of evidence is in the trial court's discretion to a finding by the trial court that certain evidence was sufficiently authenticated); *Winburn v. Minnesota Mut. Life Ins. Co.*, 261 S.C. 568, 576-77, 201 S.E.2d 372, 376 (1973) ("Authenticity of documentary evidence may be shown, so as to render it admissible in evidence, by indirect or circumstantial evidence.").

2.     As to Ivery's argument that the *Allen* charge was unconstitutionally coercive: *Green v. State*, 351 S.C. 184, 195, 569 S.E.2d 318, 323-24 (2002) (holding an *Allen* charge similar to the charge at issue here was not directed to minority voters or otherwise coercive); *State v. King*, 334 S.C. 504, 509-10, 514 S.E.2d 578, 581 (1999) (holding the appellant waived review of his complaint about certain activity that occurred during his trial because he failed to make an appropriate objection when the allegedly offensive activity occurred, instead waiting until after the jury delivered its verdict to object); *State v. Hicks*, 330 S.C. 207, 217, 499 S.E.2d 209, 214 (1998) ("A contemporaneous objection is necessary to preserve errors for direct appellate review. . . ."); *State v. Pauling*, 322 S.C. 95, 99, 470 S.E.2d 106, 109 (1996) ("It is not coercion to charge that the failure to reach a verdict will require a new trial at additional expense.").

**AFFIRMED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**

---

[1] *See Allen v. United States*, 164 U.S. 492 (1896).