Curia, per Withers, J.
The second ground taken in this case for a new trial, grows out of misapprehension, as is stated in the report.
As to the first ground, so far as it relates to the father and the brother of Martin Posey, it is quite unnecessary to consider it; for they were acquitted, and even if any error had been committed in conducting the trial upon circuit as to them, they are not parties to this appeal, and have not suffered in the result, supposing any ruling below to have been erroneous.
If we are to consider the question presented in the first ground of appeal, imputing error in admitting evidence against Martin Posey, to show his guilt in procuring the murder of his wife by the instrumentality of the slave Appling, to have been distinctly made upon the trial, we must, nevertheless, announce that we can discover no error in that particular. The reasons which induce and justify this opinion are sufficiently developed in the report to render it unnecessary to enlarge upon the subject.
The argument here has really been upon the facts; and it is urged that inasmuch as the case of Martin Posey, who was convicted as principal, rested upon the same evidence *167 (being that of accomplice) as the cases of Francis Posey, his father, and Elbert Posey, his brother, who were indicted as ( accessaries and acquitted, there is inconsistency in the verdict, and hence that it should be deemed too unsatisfactory to stand.
We are obliged to say that we perceive evidence to our understandings abundantly sufficient to sustain the conclusion of the jury, which affirmed the guilt of Martin Posey. If they interpreted favorably so much as applied to the ac-cessaries, we cannot perceive how that shall change the condition of the principal. That the whole body of the evidence pressed with equal weight upon all the accused, it would be preposterous to affirm. Many glaring diversities are obvious upon the surface. The circumstantial testimony attributes to the convicted the appalling crime of having procured the murder of his wife, through the slave whose murder is imputed to him in this indictment. The like testimony had procured his conviction of that great felony before another jury but the week preceding. The ^accessaries were not implicated in this first and most horrible act in the tragedy. The lust and avarice that may have brutalized him, are not traced to them as motives to either of the felonies,— The first deed of blood had not jeopardized their lives — the sword of justice was already pointed at his. They could not be held to account for that brutal indifference which enabled him, a husband, to stand as a stone before the corpse of his murdered wife, the mother of his children, — who, perchance, had been otherwise violated by the servile agent of his cool malignity: the concealments, the prevarications as to the locality of Appling, disclosed in the testimony of Butler— the like as to his guilty knowledge of the murder of his wife, the manner of it, and the agent — as disclosed in the testimony of Rhodes and Wilson Kirkland — all these were indications of guilt peculiar to the prisoner.
This must suffice to indicate the course which the judgment of this Court has taken upon this, the leading ground of appeal. Let the testimony speak the rest. We construe this and much more of it to be corroberative of those who were called accomplices. Touching them the jury were duly admonished — -and we should feel unwarranted in disturbing their verdict, however fatal to the prisoner.
The motion must, therefore, be dismissed,
The whole court concurred,
Motion refused,
*168 CASES AT LAW, ARGUED AND DETERMINED IN THE COURT OF APPEALS OF SOUTH CAROLINA, AT CHARLESTON, JAN. AND FEB. TERM, 1850. ADD THE JUDGES PRESENT.