## 20536

The STATE, Respondent, v. Richard N. GATES, Appellant.
Richard N. GATES, Appellant, v. William D. LEEKE, Respondent.
(two cases)
(238 S. E. (2d) 680)

*Roy T. Stuckey, Vance L. Cowden* and *John L. Davidson,* for *Appellant,*

*Daniel R. McLeod, Atty. Gen., Emmet H. Clair, Asst. Atty. Gen.,* and *William K. Moore, Staff Atty.,* of Columbia, for *Respondents,*

November 1, 1977.

LITTLEJOHN, Justice.

The appellant, Richard N. Gates (Gates) was convicted, by a jury, of armed robbery and began serving a sentence. Three months later, he filed *pro se* an application for post-conviction relief. The judge who heard the application denied his petition. The case is now on appeal from both the jury conviction[1] and the denial of post-conviction relief.[2]

The facts incident to the happening which brought about the indictment and conviction are not greatly in dispute. At about 8:30 in the evening of September 18, 1974, Gates and his codefendant Hall (who pled guilty) drove into the yard of a Mr. Zip convenience store on North Church Street in the City of Spartanburg. Hall got out of the car, went into the store, robbed the lady in charge, at gunpoint, of cash, and emerged a couple of minutes later. He reentered Gates' automobile and left immediately. The lady in charge of the store went to the window and obtained the license tag number on the automobile. She reported the robbery and the license tag number to the police. Police officers apprended Gates and Hall several miles away a few minutes later.

Gates testified in his own behalf. In defense of himself he said that he drove his car into the yard of the Mr. Zip store because his accelerator wasn't working well. He testified, ". . . my accelerator hung up so I pulled in there at that place while I was trying to get it fixed. I had no knowledge the man was going to rob the place—apparently—he says he did so apparently he did. But as far as me having any knowledge of it, I did not."

---

[1] Before Honorable J. B. Ness.
[2] Before Honorable Wade S. Weatherford, Jr.

It was the testimony of the lady who was robbed that ". . . the car was rolling when he [Hall] got in it." Gates did not categorically deny this, but stated, ". . . I don't think it was."

The arresting officer, Lt. Tuck, testified that immediately after Gates was arrested and given his *Miranda*-rights warning, he exercised his privilege against self-incrimination and said nothing.

After Hall had pled guilty in open court and Gates had pled not guilty, the trial judge deferred sentence on Hall.

After the trial judge had charged the jury, counsel for Gates requested that the court ". . . amplify the charge where two people are together and a crime is committed both would be guilty—I wonder if you didn't leave the impression with the jury that just being together makes the other party guilty." The request was refused.

In argument of the appeal before us, appellant's counsel places most emphasis on his contention that the trial judge should have given additional charges to the jury on the law. We consider that question first. The trial judge stated to the jury:

"Now, I charge you ladies and gentlemen that the law is that if a crime is committed by two or more persons who are acting together in the commission of an offense, the act of one is the act of both. Two people can be guilty of killing another. Two people can be guilty of murder when only one of the two had a pistol and only one shot the pistol if both are together or substantially together acting together, assisting each other in the commission of the offense, the law says under those circumstances, the act of one is the act of all— the hand of one is the hand of all."

In support of the contention that additional charges should have been given, counsel relies on the case of *State v. Collins*, 266 S. C. 566, 225 S. E. (2d) 189

(1976). While we are of the opinion that additional charges requested might have been appropriate, we do not think, under the facts of this case, that the same was required. The evidence in a case determines the law which must be charged and every charge of the law must be reviewed in the light of the evidence. In *Collins,* the defendant did not serve as a get-away man. The evidence showed that Collins and his co-defendant holdup friend ". . . did not talk specifically of a robbery." The defendant was too drunk to participate and was actually in jail, arrested for being drunk, at the time the robbery was completed. We find no trouble in differentiating *Collins* from the case at hand. It is implicit in the charge which was given to the jury that it must find that Gates and Hall were "'. . . acting together . . .'" and "assisting each other in the commission of the offense . . ." before a conviction could be had. The charge considered as a whole in the light of the evidence convinces us that there was no reversible error.

Gates next asserts error on the part of the trial judge in overruling objection to a question asked by the solicitor on cross-examination. The solicitor inquired of the defendant why he had not denied the robbery when he was arrested by Officer High. Prior thereto, Lt. Tuck had testified that Gates refused to give a statement. To this testimony there was no objection. While it is true that silence on the part of an accused person may not be used as an inference of guilt[3], we are of the opinion that when the evidence introduced by the State is balanced against the brief references that appellant remained silent, it is apparent that such evidence did not contribute to the verdict in any way.

If the trial judge's ruling was erroneous, we think it harmless beyond a reasonable doubt. Gates' uncorroborated version of his part in the robbery was obviously incredible and the jury understandably did not believe him. On the credibility issue, the jury was entitled to take into consideration

---

[3] *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694.

the fact that he admitted pleading guilty in 1968 to three cases of armed robbery, crimes involving moral turpitude. It was his testimony that Hall ". . . called me at my house and said that he wanted to go to the emergency room at the General Hospital—he had some kind of brain concussion or something—he had fell down and had 18 stitches put in his head and he was under Dr. Stack's care . . ." The hospital is about two blocks from the Mr. Zip store. Gates said that he parked in front of the store "longways" about 30 or 40 feet from the store and in front of it. The street was about 50 feet from the store. He said that Hall was in the store only a couple of minutes and that while he was gone he (Gates) fixed the accelerator. The lady in charge of the store testified that the car was rolling when Hall entered it. They proceeded toward the hospital, but drove past it without stopping, and were apprehended shortly thereafter; the money was found on the floorboard of the car on Gates' side. The loaded pistol was found between the two. It was Gates' testimony that he did not know anything about the money or the pistol and was unaware that a holdup had taken place until apprehended by the police officers.

In *State v. Harvey,* 253 S. C. 328, 170 S. E. (2d) 657 (1969), this Court, citing *State v. Robinson,* 238 S. C. 140, 119 S. E. (2d) 671 (1961) noted:

"[W]here guilt is conclusively proven by competent evidence and no rational conclusion can be reached other than the defendants are guilty, judgment of conviction should not be set aside because of insubstantial errors not affecting the result."

Gates alleges that the trial judge erred in failing to advise him before arguments to the jury what instructions would be given. A short answer to this contention is that it simply is not the law of this State that a judge is required to announce his jury instructions before arguments are commenced. This does not mean that there is no obligation on the part of the court to discuss possible charges

with counsel as relates to some particular matter before arguments of counsel are made. Here, no inquiry was made of the court and apparently no request made prior to summation.

Gates lastly alleges error on the part of the judge in withholding sentence on Hall until after his (Gates') trial. It is his contention that the withholding of sentence on the guilty plea coerced Hall into refusing to testify and thereby deprived him of his right to present a defense. Testimony on this issue was taken before the judge at the post-conviction hearing. The judge found that Gates' contention was not supported by the evidence. In *Taylor v. State,* 258 S. C. 369, 188 S. E. (2d) 850 (1972), and in *State v. Lewis,* 255 S. C. 466, 179 S. E. (2d) 616 (1971), we held that it is not error to withhold sentence on a codefendant until after the trial of the one pleading not guilty. The fact that one had pled guilty and has not been sentenced may go to the weight of the testimony, but does not make the testimony inadmissible. The finding of the trial judge on this issue is supported by the evidence, and we find no merit in Gates' contention. See 23 C.J.S. *Criminal Law* § 804(3)c.

Both the conviction and the order of the judge in the post-conviction hearing are hereby

Affirmed.

LEWIS, C. J., RHODES and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.