0393

The STATE, Respondent, v. Herman Jim HALE, Appellant.

(326 S. E. (2d) 418)

Court of Appeals

Richard H. Rhodes of *Burts, Turner, Hammet, Harrison & Rhodes*, Spartanburg, *for appellant.*

T. Travis Medlock, *Atty. Gen.* Harold M. Coombs, Jr., *Deputy Atty. Gen.* Susan A. Lake and Norman Mark Rapoport, *Staff Attys.,* Columbia and Claude A. Taylor, Jr., *Sol., Seventh Judicial Circuit,* Spartanburg, *for respondent.*

Heard Nov. 12, 1984.

Decided Feb. 7, 1985.

BELL, Judge:

Herman Jim Hale was indicted on two counts of first degree criminal sexual conduct and two counts of committing

a lewd act upon a child. After trial by jury, he was convicted on two counts of first degree criminal sexual conduct and sentenced to concurrent terms of eighteen years and ten years imprisonment. From his convictions Hale appeals. We affirm.

The evidence at trial consisted primarily of the testimony of two prosecuting witnesses, a nine year old boy and an eight year old boy, and the testimony of the defendant Hale. The older boy testified that he visited Hale's home to play with his two dogs. He stated that while he was in the house, Hale took him to an upstairs bedroom where Hale dropped his own trousers and underpants to his ankles and pulled the boy's trousers and underpants down to his ankles. Hale then seated the boy on his lap and performed an act of anal sodomy by bouncing the boy up and down for about five minutes. The younger boy testified that he frequently visited Hale's home to play with the dogs and to drink Kool Aid. He related several incidents in which Hale fondled his male organ, one incident involving oral sodomy, and a separate incident of attempted anal sodomy. In his testimony, Hale denied all allegations of sexual misconduct with the two boys.

## I.

Over Hale's continuing objection, the solicitor elicited testimony by leading questions during direct examination of the two boys. Hale argues that the trial judge erred in permitting the leading questions.

The law gives the trial judge wide discretion when ruling on an objection to a question on the ground that it is leading. *State v. Goolsby,* 275 S. C. 110, 268 S. E. (2d) 31, *cert. denied.* 449 U. S. 1037, S. Ct. 616, 66 L. Ed. (2d) 500 (1980). A case will rarely be reversed on the ground that the trial judge permitted leading questions and then only if there has been a clear abuse of discretion resulting in prejudice to the objecting party. *Belue v. City of Greenville,* 226 S. C. 192, 84 S. E. (2d) 631 (1954); *State v. Lyles,* 210 S. C. 87, 41 S. E. (2d) 625 (1947).

We find no abuse of discretion. Leading questions may be asked of a child, particularly when the enquiry is directed to delicate matters of a sexual nature. *State v. Cobb,* 295 N. C. 1, 243 S. E. (2d) 759 (1978); *accord, Tanner v.*

*State,* 228 Ga. 829, 188 S. E. (2d) 512 (1972). In such circumstances, the opposing party is fully protected by his right to cross examine the witness. In this case, where the prosecuting witnesses were eight and nine years old, leading questions were properly permitted. There is no indication the trial judge restricted Hale's cross examination of the two boys.

## II.

Hale also claims the trial judge erred in excluding testimony of one Jerry Donahue, which Hale argues bore on the credibility on one of the prosecuting witnesses.

Out of the presence of the jury, Donahue testified he kept his dog at his girlfriend's house. While the dog was there, the family of the prosecuting witness moved from the neighborhood. After they moved, Donahue brought the dog back to his own house. A day later, the dog was missing. Two days later, Donahue found the dog at the new house of the prosecuting witness' family, some ten or fifteen miles away.

There are three ways to impeach the credibility of a witness by collateral evidence. The first is by showing he has been convicted of a crime involving moral turpitude, not too remote in time. *State v. Harvey,* 275 S. C. 225, 268 S. E. (2d) 587 (1980). The second is by showing he has been guilty of bad conduct that was not the subject of a conviction. This inquiry into matters collateral to the case in chief is limited to cross examination of the witness sought to be impeached; if the witness denies the act, the inquiry ends. *State v. Allen,* 266 S. C. 468, 224 S. E. (2d) 881 (1976) (dictum); *People v. Zabrocky,* 26 N. Y. (2d) 530, 311 N.Y.S. (2d) 892, 260 N. E. (2d) 529 (1970); C. McCormick, EVIDENCE, Section 42, at 92 (3d ed. 1984). Finally, testimony bearing on the witness's general reputation for truth and veracity may be introduced. In South Carolina this testimony must take a peculiar form first prescribed in 1826. *Dollard v. Dollard's Executor,* 16 S.C.L. (Harp.) 564 (1826). Its admissibility was last challenged nearly a century ago in *State v. Murphy,* 48 S. C. 1, 25 S. E. 43 (1896), and today its propriety is not questioned. *See, e.g., State v. McClellan,* 323 S. E. (2d) 772 (S. C. 1984).

Donahue's testimony could not be used to attack the prosecuting witness's credibility under any of these methods. First, it does not show the witness was convicted of a crime of moral turpitude. Second, there is no allegation of any specific instance of the boy's bad conduct. Even if there were, since it was not elicited on cross examination of the prosecuting witness himself, it is inadmissible as evidence of a prior bad act. Finally, at no time did Donahue address the witness's general reputation for truthfulness. Since his testimony failed to meet any of the criteria for impeachment evidence it was properly excluded.

### III.

Hale next takes exception to the trial judge's failure to exclude the testimony of Jennifer Wattenberger, an outpatient counsellor in the Children and Youth Division of the Spartanburg Area Mental Health Center. The State called Wattenberger to testify concerning her intake counselling interviews with the two prosecuting witnesses. She testified one of the boys was "exceptionally bright" and the other was a "bit immature." She also stated the behavior of the boys was not abnormal and neither of them needed counselling. Hale argues that Wattenberger's testimony was irrelevant to the issues in the case and was introduced solely to enhance the credibility of the prosecuting witnesses in the eyes of the jury.

The trial judge is given wide discretion in ruling on questions of the relevancy of evidence and his decision will be reversed only for clear abuse of that discretion resulting in prejudice to the objecting party. *State v. Gellis*, 158 S. C. 471, 155 S. E. 849 (1930). While Wattenberger's testimony appears to be of marginal relevance, we cannot say the judge clearly abused his discretion in admitting it. At no time did Wattenberger comment on the truthfulness or good character of the prosecuting witnesses. Moreover, Hale has shown no prejudice from her testimony. If anything, her opinion that the boys were normal and needed no counselling appears to favor rather than harm the defense. We therefore find no error in admitting her testimony.

## IV.

Hale next argues the trial court erred in refusing to grant a mistrial when the solicitor improperly commented on his refusal to make a statement to the police after he had been arrested.

During cross examination of Hale by the solicitor, the following colloquy occurred:

> Q. And you didn't tell any police officer anything about this charge; did you?
> A. They asked me whether I wanted to make a statement, and I said that I did not until after I had seen an attorney.
> Q. And you never did; did you?
> A. No, I did not.
> Q. You never told anybody until today, you never told any police officer until today that —
> MR. WHITE: Your Honor, I object, I don't think that's relevant to this case.
> THE COURT: That would not be an issue. Objection sustained.

Out of the presence of the jury, Hale's counsel then moved for a mistrial on the ground that the solicitor had commented on the accused's exercise of his right to remain silent. The judge refused to grant a mistrial, but gave the jury the following curative instruction:

> Ladies and gentlemen, a few minutes ago the question was asked about this defendant making a statement, and an objection was made. The objection was sustained, and I instruct you that you are to give no consideration whatsoever, to the question and any answer. I have ruled that the question and the answer, if there was one, is inadmissible.

The prosecution cannot, either directly or indirectly, comment on the silence of an accused. *State v. Rouse*, 262 S. C. 581, 206 S. E. (2d) 873 (1974). However, an instruction to disregard objectionable evidence usually is deemed to have cured the error in its admission unless on the facts of the particular case it is probable that notwithstanding such instruction the accused was prejudiced. *State v.*

*Craig,* 267 S. C. 262, 227 S. E. (2d) 306 (1976); *State v. Campbell,* 259 S. C. 339, 191 S. E. (2d) 770 (1972). In the circumstances of this case, the judge's curative instruction was sufficient to cure any potential prejudice to Hale. *Cf. State v. Patterson,* Opinion No. 22168, ___ S. E. (2d) ___ (S. C. filed Oct. 10, 1984). When the whole of the State's evidence is balanced against the brief reference to Hale's post-arrest silence, it is apparent the objectionable question did not contribute to the jury's verdict. *State v. Gates,* 269 S. C. 557, 238 S. E. (2d) 680 (1977). Therefore, it was not error to refuse the motion for a mistrial.

## V.

Hale next argues he was denied trial by an impartial jury because the trial judge coerced the jury by giving a supplemental "Allen" charge after they had deliberated four and a half hours without reaching a verdict. Three minutes after receiving the supplemental charge, the jury returned a verdict of guilty.

Hale concedes that no exception was taken to the "Allen" charge in the trial court. Having denied the trial judge an opportunity to cure any alleged error by failing to object to the charge, Hale cannot properly raise the issue for the first time on appeal. *State v. Williams,* 266 S. C. 325, 223 S. E. (2d) 38 (1976); *State v. Dill,* 48 S. C. 249, 26 S. E. 567 (1897). However, we have reviewed the supplemental charge and find no error. In the course of the charge, the judge specifically stated that every juror has a right to his own opinion and need not give it up merely for the purpose of reaching agreement. Taken as a whole, the supplemental charge was not coercive. We therefore find no merit in Hale's contention that the charge denied him a fair trial.

## VI.

Hale's final argument is that the "totality of circumstances" requires reversal of his convictions. He contends that the alleged errors discussed above, together with the length of the jury's deliberations and alleged inconsistencies in the testimony of the prosecuting witnesses, cumulatively denied him a fair trial.

Hale acknowledges that his "totality" argument would not have much substance if the testimony against him had been overwhelming and consistent. He claims, however, that the testimony of the prosecuting witnesses was inconsistent and that the length of the jury's deliberations shows it was not cogent and convincing. In effect, Hale is asking this Court to pass on the credibility of the prosecuting witnesses and the weight to be given to their testimony.

It is the function of the jury, not an appellate court, to █ █judge the credibility of witnesses and the weight to be given to their testimony. *State v. Shaw,* 258 S. C. 236, 188 S. Ed. (2d) 186 (1972); *State v. Little,* 227 S. C. 60, 86 S. E. (2d) 875 (1955). Hale had a full opportunity, through cross examination and argument to the jury, to exploit alleged inconsistencies in the State's evidence. We have reviewed the testimony printed in the record in great detail and find ample evidence to support the jury's finding of guilt beyond a reasonable doubt. Although the prosecuting witnesses told somewhat different versions of what happened in statements to the police, at the preliminary hearing, and at trial, except for certain minor details, there was no real inconsistency in their accounts of Hale's conduct. The jury was entitled to take the age and demeanor of the witnesses into consideration when evaluating the differences in their testimony.

Our discussion of Hale's other exceptions disposes of the remaining aspects of the "totality of the circumstances" argument.

Finding no reversible error, we affirm the judgment.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.