552 S.E.2d 282

**The STATE, Respondent,**

v.

**Louis English FULLER, Appellant.**

No. 25334.

Supreme Court of South Carolina.

Heard June 5, 2001.

Decided July 23, 2001.

---

5. S.C.Code Ann. § 22–8–20 (1976).

Assistant Appellate Defender Robert M. Pachak, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Tracey C. Green, of Columbia; and Solicitor John R. Justice, of Chester, for respondent.

BURNETT, Justice:

Appellant was convicted of murder and sentenced to life imprisonment. He appeals.

## FACTS

Appellant was indicted for the murder of Travelee Johnson (victim). At trial, appellant testified in his own defense. He stated he and victim were friends; appellant, Danny Murphy, and Robert Johnson were "associates."

Appellant explained he, victim, Johnson, and Murphy planned to rob Juan Williams' home. Using his roommate's car, appellant drove the men near Williams' home; they waited in the car for Williams to leave home. Appellant fell asleep.

Appellant awoke when he heard victim screaming. According to appellant, Murphy held victim while Johnson stabbed him. Murphy and Johnson exited the vehicle and pulled victim out of the car. Appellant drove off a short distance then returned, backing the car down the road. He testified he planned to run over Murphy and Johnson so they would leave victim alone, but instead, Murphy and Johnson jumped into the car. Appellant drove Murphy and Johnson back to town. Appellant wondered if they were going to kill him.

At Murphy's instruction, appellant stopped the vehicle at a dumpster; Murphy threw a knife inside. Appellant then drove the men to their apartment. Murphy and Johnson put their bloody clothing in a bag. Appellant put the bag behind a dumpster. He stated he took Murphy's boots to his own apartment. The next morning, appellant gave Johnson towels and sponges and Johnson washed the car. Appellant suggested Murphy and Johnson were angry at victim because they believed he had stolen items from their apartment.

## ISSUES

I. Did the trial court err by refusing to charge accessory after the fact to murder?

II. Did the trial court fail to give a complete and clear instruction on accomplice liability?

## DISCUSSION

■ Appellant requested the trial judge instruct the jury on accessory after the fact to murder. Noting appellant had not been indicted for accessory after the fact and that accessory after the fact was not a lesser-included offense to murder, the trial judge denied the request but stated appellant could argue accessory after the fact.[1]

Appellant now argues the trial judge erred by refusing his requested accessory after the fact charge. He claims because he did not know Johnson and Murphy planned to kill victim and he was asleep when the stabbing first occurred, "exclusionary" facts existed to warrant a charge on accessory after the fact. We disagree.

■ The elements of accessory after the fact to a crime are 1) the felony has been completed, 2) the accused must have knowledge that the principal committed the felony, and 3) the accused must harbor or assist the principal felon. *State v. Collins*, 329 S.C. 23, 495 S.E.2d 202 (1998) (*Collins II*). A defendant may not be found guilty as an accessory when indicted solely as a principal. *State v. Collins*, 266 S.C. 566, 225 S.E.2d 189 (1976) (*Collins I*).

■ When the defendant has not been indicted as an accessory, it is proper to charge the jury on the difference between accessory and principal "where the evidence points to an exclusionary offense which dictates that different proof is required as to each defendant." *State v. Good*, 315 S.C. 135, 139, 432 S.E.2d 463, 466 (1993). For instance, in *Collins, supra*, the Court determined the defendant was entitled to an accessory before the fact charge when he was in jail at the time of the felony and therefore could only be guilty of

---

1. In his closing statement, appellant suggested he could be guilty of accessory after the fact to murder but should be acquitted of murder.

accessory before the fact. In *State v. Leonard*, 292 S.C. 133, 355 S.E.2d 270 (1987), where co-defendants were charged with reckless homicide arising from the operation of a motor vehicle, the Court held because only one person could be the driver of the vehicle, a charge distinguishing principal and accomplice liability was required. On the other hand, in *State v. Gates*, 269 S.C. 557, 238 S.E.2d 680 (1977), the Court ruled the defendant who drove the getaway car but did not enter the convenience store during the robbery was not entitled to an accessory after the fact charge. The Court noted there is "a factual distinction between a crime where the defendant was physically unable to participate and one where the defendant acted as the 'getaway' driver." *State v. Good, supra*, at 137, 432 S.E.2d at 465. One authority explains "[b]y 'exclusionary offense' the Court means an offense which by law, or by the facts of the case, could have been committed by only one principal first."[2] William Shepard McAninch, The Criminal Law of South Carolina, 369 (1996).

In *Good, supra*, the Court noted the reason for precluding an accessory instruction when an exclusionary offense does not exist:

> If accessory after the fact is not charged in the indictment, but is instructed to clarify mere presence, a finding of accessory after the fact is the equivalent to a finding of not guilty. The real impact of the instruction is that it permits the jury to reach a compromise verdict on a non-charged offense. Moreover, to require an accessory instruction on these facts opens the door for every criminal defendant to create a lesser-included offense for which they could not be convicted.

*Id.* at 138, 432 S.E.2d at 465.

Appellant was not entitled to a charge on accessory after the fact. First, he was not entitled to the charge because he was not indicted as an accessory and accessory after the fact is not a lesser-included offense to murder. Second, the evidence did not eliminate appellant as a principal first. To the contrary, appellant admitted being present during the stabbing.

---

**2.** A "principal first" is one who actually does the felonious act or who causes the felonious act to be committed by an innocent agent such as a child or insane person. *State v. Posey,* 35 S.C.L. (4 Strob.) 142 (1849).

Unlike the co-defendants in *State v. Leonard, supra,* and *Collins I, supra,* appellant could have participated in victim's murder as a principal to the same extent as Johnson and Murphy.[3] If the jury believed appellant's claims that he had no knowledge of Johnson and Murphy's plan to kill victim and that he was asleep when victim was attacked, appellant would have been acquitted of murder.

This case is similar to *State v. Good, supra,* where two brothers were charged with double homicide. Each brother claimed the other committed the murders while he was outside the family's camper. The Court held there was no error in refusing to charge accessory after the fact because "there is no exclusionary situation which eliminates one brother or the other from having participated in the murder as the principal." *Id.* at 139, 432 S.E.2d at 466.

The remaining issue is affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: *State v. Franklin,* 299 S.C. 133, 382 S.E.2d 911 (1989) (charge on accomplice liability substantially covered language requested by defendant); *State v. Barwick,* 280 S.C. 45, 310 S.E.2d 428 (1983) (jury charge is adequate if it fully and fairly covers the substance of the requested charge); *State v. Haney,* 257 S.C. 89, 184 S.E.2d 344 (1971) (refusal to give requested charge not error where requested charge merely rephrases and repeats principles expounded in given charge); *State v. Clary,* 222 S.C. 549, 73 S.E.2d 681 (1952) (no error in refusing to charge the precise language requested where jury is correctly instructed in accord with the requested charge).

**AFFIRMED.**

TOAL, C.J., MOORE and WALLER, JJ., concur.

PLEICONES, J. concurring in result only.

---

**3.** Johnson and Murphy were also indicted for murder. Murphy pled guilty to accessory after the fact. The record does not indicate the disposition of Johnson's charges.