THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Alison A. Phillips,       
Appellant.
 
 
 

Appeal From Greenwood County
Wyatt T. Saunders, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-675
Submitted October 6, 2003  Filed November 
 18, 2003

AFFIRMED 

 
 
 
C. Rauch Wise, of Greenwood, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor 
 William Townes Jones; of Greenwood, for Respondent.
 
 
 

 PER CURIAM:  Alison Phillips was 
 convicted of breach of trust with fraudulent intent.  Phillips appeals, arguing 
 the trial court erred by: (1) denying her motion for a directed verdict; (2) 
 failing to declare a mistrial based on the states allegedly improper cross-examination 
 regarding her prior employment; and (3) failing to charge the jury as to the 
 proper definition of circumstantial evidence.  We affirm.
FACTUAL/PROCEDURAL BACKGROUND
Phillips worked as a bookkeeper for Jachat, Inc. 
 (Jachat) for approximately four years.  Following her resignation, Ann Long, 
 one of the owners of Jachat, and her new bookkeeper, Dana Henderson, found irregularities 
 in Jachats books, including unauthorized, duplicate checks issued by and paid 
 to Phillips.  
Thereafter, Phillips was convicted for breach of 
 trust with fraudulent intent and sentenced to three-years imprisonment, suspended 
 upon successful completion of four-years probation.  Additionally, as a term 
 of probation, Phillips was required to pay a total of $5,571.60 in restitution.  
 Phillips appeals.  We affirm.
LAW/ANALYSIS
Phillips argues the circuit 
 court erred by denying her motion for a directed verdict because the state failed 
 to establish any substantial evidence of her fraudulent intent.  We disagree.
When ruling on a motion for directed verdict in a criminal 
 case, the circuit court is concerned only with the existence of evidence, not 
 its weight. State v. Saltz, 346 S.C. 114, 138, 551 S.E.2d 240, 253 (2001).  
 An appellate court reviewing a circuit courts denial of a motion for directed 
 verdict must view the evidence in the light most favorable to the state and 
 determine whether any evidence exists that reasonably tends to prove the defendants 
 guilt or with which her guilt may be logically deduced.  State v. Brazell, 
 325 S.C. 65, 77, 480 S.E.2d 64, 71 (1997).  Unless there is a total failure 
 of competent evidence as to the charges alleged, refusal by the circuit court 
 to direct a verdict of acquittal is not error.  State v. Massey, 267 
 S.C. 432, 443, 229 S.E.2d 332, 338 (1976).
Initially, we note, Phillips only argues 
 the state failed to present evidence reasonably tending to prove fraudulent 
 intent.  Phillips does not argue the state failed to prove the other elements 
 of breach of trust with fraudulent intent.  See State v. Owings, 
 205 S.C. 314, 316, 31 S.E.2d 906, 907 (1944) (Breach of trust [with fraudulent 
 intent] is larceny after trust, which includes all of the elements of larceny 
 or in common parlance, stealing, except the unlawful taking in the beginning.); 
 Bell v. Clinton Oil Mill, 129 S.C. 242, 253, 124 S.E. 7, 11 (1924) (A 
 breach of trust is where personal property of appreciable value and of which 
 larceny may be committed is put into the possession of another; and when it 
 is so put into his possession it becomes a trust, and while it so remains, if 
 he conceives the purpose to convert that property to his own use, and does it 
 with intention to deprive the owner of the use of that property, then that is 
 a breach of trust with a fraudulent intent.); State v. Scott, 330 S.C. 
 125, 130, 497 S.E.2d 735, 738 (Ct. App. 1998) (The primary difference between 
 larceny and breach of trust is that in common-law larceny, possession of the 
 property stolen is obtained unlawfully, while in breach of trust, the 
 possession is obtained lawfully.  (quoting State v. McCann, 
 167 S.C. 393, 398, 166 S.E. 411, 413 (1932) (emphasis as in original))).  Thus, 
 we limit our inquiry to whether evidence exists within the record reasonably 
 tending to prove Phillips had a fraudulent intent.  See Saltz, 
 346 S.C. at 138, 551 S.E.2d at 253 (holding an appellate court must affirm the 
 denial of a motion for directed verdict where evidence exists which reasonably 
 tends to prove the defendants guilt or with which his guilt may be logically 
 deduced).  
[F]raudulent intent is a condition of the mind 
 beyond the reach of the senses, usually kept secret, and can only be proved 
 by unguarded expressions, conduct and circumstances generally.  State v. 
 Jordan, 255 S.C. 86, 90, 177 S.E.2d 464, 465 (1970); Cook v. Metropolitan 
 Life Ins. Co., 186 S.C. 77, 84, 194 S.E. 636, 639 (1938) (Fraud may be 
 deduced not only from deceptive or false representations, but from facts, incidents, 
 and circumstances which may be trivial in themselves, but decisive in a given 
 case of the fraudulent design.); see also State v. McDowell, 
 266 S.C. 508, 515, 224 S.E.2d 889, 892 (1976) (holding as a general rule, any 
 act or conduct on the part of the accused is admissible as some evidence of 
 consciousness of guilt).
Henderson, Jachats bookkeeper, testified she discovered 
 Jachats payroll records had several irregularities following Phillips resignation.  
 Specifically, Henderson testified on several occasions, Phillips issued herself 
 multiple paychecks, on the same day, for the same period of time.  Henderson 
 also authenticated spreadsheets admitted into the record indicating Phillips 
 issued herself in excess of sixty unauthorized checks, totaling over $8,000, 
 during a two year time period.  
Furthermore, Henderson testified during the time 
 she was working with Phillips at Jachat, Phillips called while on a business 
 trip to New Orleans and told Henderson to draft a payroll check, payable to 
 Phillips, from Jachats operations account.  The check was purported to be an 
 advance paycheck for Phillips.  However, when Henderson subsequently reviewed 
 Jachats payroll records, Henderson discovered Phillips issued herself a payroll 
 check for that week, despite the advance she received while in New Orleans. 

Moreover, Henderson testified on Phillips last 
 day of employment with Jachat, Phillips took a copy of Jachats Quick Books 
 software, a program used by the company for its payroll records.  When taking 
 the records, Henderson testified Phillips said: I am taking this to cover myself. 

Anita Nogai, a certified public 
 accountant, also reviewed Jachats financial records.  Nogai stated Quick Books 
 allows a user to alter the records of issued checks. 
Following the states case, Phillips took the stand in her 
 defense and admitted she received an advance on her paycheck while in New Orleans 
 and issued herself an additional paycheck for the same period of time.  Furthermore, 
 Phillips admitted she issued herself unauthorized checks totaling $1,297.  However, 
 Phillips contended the unauthorized checks were issued mistakenly rather than 
 with fraudulent intent.
In a light most favorable to the state, this evidence demonstrates 
 Phillips issued multiple unauthorized checks to herself.  Furthermore, the evidence 
 indicates Phillips believed she had a need to cover herself.  This evidence 
 is sufficient to support a reasonable inference Phillips intended to fraudulently 
 deprive Jachat of property.  See State v. Ezzard, 40 S.C. 312, 
 324-25, 18 S.E. 1025, 1029 (1894) (holding where an agent receives and wrongfully 
 retains money he knows belongs to his principal, with intent to defraud his 
 principal, the agent is guilty of breach of trust with fraudulent intent).  
 Consequently, we find no error in the trial courts denial of Phillips motion 
 for directed verdict.
As to Phillips other issues, we affirm pursuant 
 to Rule 220(b)(2), SCACR, and the following authorities:  As to Issue II:  State 
 v. Craig, 267 S.C. 262, 268, 227 S.E.2d 306, 309 (1976) ([T]he consideration 
 of whether there was any prejudice requires that a motion for mistrial be made 
 after the trial judge attempts to cure the error.); State v. Hale, 284 
 S.C. 348, 354, 326 S.E.2d 418, 422 (Ct. App. 1985) (holding an error is generally 
 deemed cured if the court sustains a timely objection to testimony and gives 
 the jury a curative instruction to disregard the testimony); State v. George, 
 323 S.C. 496, 510, 476 S.E.2d 903, 911-12 (1996) (holding where objecting party 
 moves for a mistrial, and the trial judge gives a curative instruction, the 
 objecting party must either object to the curative instruction or move for a 
 mistrial again to preserve the error for appellate review).
As to Issue III:  State v. Grippon, 327 
 S.C. 79, 83-84, 489 S.E.2d 462, 464 (1997) (holding the appropriate circumstantial 
 evidence charge is the following:  Circumstantial evidence is proof of a chain 
 of facts and circumstances indicating the existence of a fact.  The law makes 
 absolutely no distinction between the weight or value to be given to either 
 direct or circumstantial evidence.  Nor is a greater degree of certainty required 
 of circumstantial evidence than of direct evidence.).
CONCLUSION
For the foregoing reasons, Phillips conviction is 
AFFIRMED. 
 [1] 
STILWELL, HOWARD, and KITTREDGE, JJ., 
 concur.

 
 
 [1] Because oral argument would not aid the Court in resolving any issue 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 South Carolina Appellate Court Rules.