**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Craig D. Keeling, Appellant.

Appellate Case No. 2010-177466

---

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-093
Heard February 6, 2013 – Filed March 6, 2013

---

**AFFIRMED**

---

Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.

Attorney General Alan Wilson and Assistant Attorney General Mark R. Farthing, both of Columbia, for Respondent.

---

**PER CURIAM:** Craig Keeling appeals his conviction for committing or attempting to commit a lewd act upon a minor. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *State v. Salley*, 398 S.C. 160,

168-69, 727 S.E.2d 740, 744 (2012) ("The admission . . . of evidence is an action within the sound discretion of the circuit court and will not be disturbed on appeal absent an abuse of discretion."); *State v. Council*, 335 S.C. 1, 12, 515 S.E.2d 508, 514 (1999) ("The decision to . . . deny a motion for a mistrial is a matter within a trial court's sound discretion, and such a decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *State v. Green*, 397 S.C. 268, 286, 724 S.E.2d 664, 673 (2012) ("'All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of South Carolina, statutes, [the South Carolina Rules of Evidence], or by other rules promulgated by the Supreme Court of South Carolina.'") (quoting Rule 402, SCRE)); *State v. Hale*, 284 S.C. 348, 351, 326 S.E.2d 418, 420 (1985) ("The law gives the trial judge wide discretion when ruling on an objection to a question on the ground that it is leading. . . . Leading questions may be asked of a child, particularly when the [i]nquiry is directed to delicate matters of a sexual nature."); Rule 611(c), SCRE, note ("The use of leading questions when examining a child . . . is still permissible under the first sentence of subsection (c) which allows leading questions when 'necessary to develop a witness' testimony.'"); *State v. Owens*, 346 S.C. 637, 652, 552 S.E.2d 745, 753 (2001) ("[T]he res gestae theory recognizes evidence of other bad acts may be an integral part of the crime with which the defendant is charged or may be needed to aid the fact finder in understanding the context in which the crime occurred."), *overruled on other grounds by State v. Gentry*, 363 S.C 93, 610 S.E.2d 494 (2005).

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**