**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jimmy Lee Wilson, Jr., Appellant.

Appellate Case No. 2011-198488

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2014-UP-162
Heard January 14, 2014 – Filed April 2, 2014

**AFFIRMED**

Appellate Defender Breen Richard Stevens and Appellate Defender Benjamin John Tripp, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

**PER CURIAM:** Jimmy Wilson, Jr., appeals his conviction for third-offense possession of cocaine base, arguing the trial court erred in permitting the State to

elicit testimony from the arresting officer that Wilson did not give a statement after receiving *Miranda* warnings.[1]  We affirm.

Wilson was arrested when law enforcement officers saw the car in which he was riding run a stop sign.  The car failed to stop after the officers activated their blue lights.  Instead, it proceeded at a high speed and ran off the road when it reached the corner of a dead-end street.  After the car came to a stop, the driver and Wilson quickly exited on foot.  When Wilson jumped from the vehicle, the officers noticed he was carrying an object that appeared to be a radio.

The driver fled in a different direction and was never caught or identified.  Wilson, however, was eventually subdued with the aid of a taser after officers chased him through a wooded path and over several fences.

After placing Wilson under arrest, the officers discovered a plastic box near one of the fences that Wilson jumped during the chase.  The box contained small pieces of crack cocaine.  Because the ground underneath the box was muddy but the box itself was completely dry, the officers surmised the box had been deposited in that location only recently.  About twenty feet from the abandoned vehicle, the officers found the radio Wilson was carrying.  It had wires hanging from the back and was dry even though it lay atop wet ground.  The officers were able to insert the abandoned radio into an empty space in the vehicle from which the car radio had been removed.

The grand jury indicted Wilson for third offense possession of cocaine base.  The case was called for trial about a year later; however, Wilson did not appear, so he was tried in his absence.  The jury found Wilson guilty as charged.

At issue in this appeal is whether Wilson is entitled to a reversal of his conviction and a new trial because of the trial court's admission of testimony presented by the State that he did not give a statement after receiving *Miranda* warnings.  The trial court decided to allow this testimony after hearing the State's proffer and arguments of counsel in the jury's absence.  The State has not argued the admission of this testimony was proper; rather, the focus of the State's response is that admission of testimony about Wilson's post-arrest silence was not prejudicial and therefore does not amount to reversible error.  We agree with the State's position.

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

"Disclosure to the jury of an accused's silence at any stage of an interrogation violates his constitutional protection against self-incrimination." *State v. Arther*, 290 S.C. 291, 296, 350 S.E.2d 187, 190 (1986) (citing *Doyle v. Ohio*, 426 U.S. 610, 619-20 (1976)). "This violation, however, does not require reversal of a conviction if a review of the entire record establishes that any error was harmless beyond a reasonable doubt." *Id.* An error is harmless beyond a reasonable doubt if it did not contribute to the verdict obtained. *Arnold v. State*, 309 S.C. 157, 165, 420 S.E.2d 834, 838 (1992) (*cited in State v. Kromah*, 401 S.C. 340, 360-61, 737 S.E.2d 490, 501 (2013)); *see also State v. Henson*, Op. No. 27354 (S.C. Sup. Ct. filed Jan. 22, 2014) (Shearouse Adv. Sh. No. 3 at 15, 25) (applying the harmless error analysis to Confrontation Clause violations and stating that a finding that such an error is harmless beyond a reasonable doubt "requires a court to determine 'whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction'" (quoting *Fahy v. Connecticut*, 375 U.S. 85, 86 (1963))).

In *State v. Shuler*, 353 S.C. 176, 187-88, 577 S.E.2d 438, 444 (2003), the Supreme Court of South Carolina, in affirming the defendant's conviction and rejecting his argument that a comment by the solicitor implicitly referred to his decision not to testify, noted: (1) "[t]he trial court's instruction to the jury that it could not consider appellant's failure to testify in any way and could not use it against him cured any potential error" and (2) the "lone remark" did not taint the trial with unfairness so as to make Shuler's conviction a denial of due process. Similarly, in the present case, the testimony that Wilson did not give a statement after receiving *Miranda* warnings was one isolated remark that was not referred to at any other point in the trial. Furthermore, the trial court, when charging the jury, cautioned the jurors not to consider Wilson's exercise of his right to remain silent during their deliberations. Applying the analysis in *Shuler* to the present appeal, we find there was no reasonable possibility that the reference to Wilson's failure to give a statement after he was advised of his *Miranda* rights might have contributed to his conviction. *See State v. Gates*, 269 S.C. 557, 561, 238 S.E.2d 680, 682 (1977) ("While it is true that silence on the part of an accused person may not be used as an inference of guilt, we are of the opinion that when the evidence introduced by the State is balanced against the brief references that appellant remained silent, it is apparent that such evidence did not contribute to the verdict in any way." (footnote omitted)).

Wilson also argues he was prejudiced by the reference to his failure to give a statement because it was offered to explain why the police failed to apprehend a different person who could have been the true dealer of drugs from the abandoned vehicle.  Based on the record before us, however, we found nothing to suggest a reasonable possibility that apprehension of the driver would have resulted in Wilson's exoneration.

Therefore, we hold that although the trial court should not have allowed the State to present testimony that Wilson did not give a statement to law enforcement after the police read him his *Miranda* rights, the admission of this testimony was harmless beyond a reasonable doubt.  Accordingly, we affirm Wilson's conviction.

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**