**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John Lyndon Upson, Appellant.

Appellate Case No. 2014-000852

Appeal From Aiken County
Donald B. Hocker, Circuit Court Judge

Unpublished Opinion No. 2016-UP-237
Submitted January 1, 2016 – Filed June 1, 2016

**AFFIRMED**

Appellate Defender John Harrison Strom, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, and Senior Assistant Deputy John Benjamin Aplin, both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

**PER CURIAM:** John Lyndon Upson appeals his convictions for one count of armed robbery and two counts of kidnapping. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Upson's motion for a directed verdict on the armed robbery charge: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Gilliland*, 402 S.C. 389, 397, 741 S.E.2d 521, 525 (Ct. App. 2012) ("An appellate court reviews the denial of a directed verdict by viewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the State."); *State v. Cherry*, 361 S.C. 588, 593-94, 606 S.E.2d 475, 477 (2004) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Drayton*, 293 S.C. 417, 428, 361 S.E.2d 329, 335 (1987) ("Robbery is defined as the felonious or unlawful taking of money, goods or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear."); S.C. Code Ann. § 16-11-330(A) (2015) (stating armed robbery occurs when a person commits robbery while armed with a deadly weapon); *State v. Condrey*, 349 S.C. 184, 194, 562 S.E.2d 320, 324 (Ct. App. 2002) ("Under the 'hand of one is the hand of all' theory, one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose."); *State v. Hale*, 284 S.C. 348, 356, 326 S.E.2d 418, 423 (Ct. App. 1985) ("It is the function of the jury, not an appellate court, to judge the credibility of witnesses and the weight to be given to their testimony."); *State v. Charping*, 333 S.C. 124, 129, 508 S.E.2d 851, 854 (1998) ("[A]n adverse inference from the unexplained failure of a party to call an available witness is generally held not warranted where the material facts assumed to be within the knowledge of the absent witness have been testified to by other qualified witnesses.").

2. As to whether the trial court properly denied Upson's motions for a directed verdict on the kidnapping charges: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

on appeal."); *State v. Kennerly*, 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct. App. 1998) ("In reviewing a denial of directed verdict, issues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review.").

**AFFIRMED.**

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**