**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Seth Hassan Smith, Appellant.

Appellate Case No. 2019-001418

———————————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-087
Submitted January 1, 2023 – Filed March 15, 2023

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General David A. Spencer, both of Columbia, and Solicitor Scarlet A. Wilson, of Charleston, for Respondent.

———————————

**PER CURIAM:** Seth Hassan Smith appeals his conviction for accessory after the fact to murder and sentence of fifteen years' imprisonment. On appeal, he argues the trial court erred by (1) denying his motion for a directed verdict, (2) instructing

the jury, in response to a juror's question, the defendant and unknown principal could in theory be the same person, and (3) refusing to grant his motion for a new trial when the court's supplemental instruction deprived him of a fair trial. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not err in denying Smith's motion for a directed verdict because the State presented substantial circumstantial evidence that Smith knew the principal committed murder and assisted the principal in disposing of the car used in the shooting. *See State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, [the appellate court] views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *State v. Fuller*, 346 S.C. 477, 480, 552 S.E.2d 282, 283 (2001) ("The elements of accessory after the fact to a crime are 1) the felony has been completed, 2) the accused must have knowledge that the principal committed the felony, and 3) the accused must harbor or assist the principal felon."); *Weston*, 367 S.C. at 292, 625 S.E.2d at 648 ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury.").

2. We hold any potential error in the trial court's jury instruction was harmless. *See State v. Burdette*, 427 S.C. 490, 496, 832 S.E.2d 575, 578 (2019) ("Errors, including erroneous jury instructions, are subject to harmless error analysis." (quoting *State v. Belcher*, 385 S.C. 597, 611, 685 S.E.2d 802, 809 (2009), *overruled on other grounds by Burdette*, 427 S.C. at 503, 832 S.E.2d at 582-83)); *State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432, 435 (2014) ("In making a harmless error analysis, [the appellate court's] inquiry is . . . whether the erroneous charge contributed to the verdict rendered."); *State v. Logan*, 405 S.C. 83, 90, 747 S.E.2d 444, 448 (2013) ("In reviewing jury charges for error, [an appellate c]ourt considers the trial court's jury charge as a whole and in light of the evidence and issues presented at trial."); *State v. Aleksey*, 343 S.C. 20, 27, 538 S.E.2d 248, 251 (2000) ("[I]f as a whole [the jury instructions] are free from error, any isolated portions which may be misleading do not constitute reversible error."); *State v. Blakely*, 402 S.C. 650, 657, 742 S.E.2d 29, 32-33 (Ct. App. 2013) (stating "an accessory after the fact is not generally treated like a principal of the crime" and citing case law suggesting a principal could not also be an accessory after the fact); *Fuller*, 346 S.C. at 480-81, 552 S.E.2d at 283-84 (holding a defendant was not entitled to a charge of accessory after the fact because "the evidence did not eliminate appellant as a principal first").

3.  We hold Smith's argument regarding the denial of his new trial motion is not preserved for appellate review because he did not object at the time of the supplemental jury instruction; rather, he raised the issue for the first time in his post-trial motion for a new trial.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("It is well settled that an issue may not be raised for the first time in a post-trial motion.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.